48 CCPA

**CAMBRIDGE RUBBER COMPANY,**
Appellant,

v.

**CLUETT, PEABODY & CO., Inc.,**
Appellee.

Patent Appeal No. 6628.

United States Court of Customs and Patent Appeals.

Feb. 8, 1961.

———◆———

Jacobi & Jacobi, Herbert J. Jacobi, Washington, D. C. (Samuel L. Davidson, Washington, D. C., of counsel), for appellant.

Myron Amer, New York City, for appellee.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

WORLEY, Chief Judge.

This is an appeal from a decision of the Commissioner of Patents, acting through the Assistant Commissioner, 122 USPQ 211, reversing the Examiner of Interferences and dismissing an opposition to the registration of a trademark.

Applicant, appellee here, manufactures men's and boys' furnishings including shirts, ties, handkerchiefs, and underwear, and seeks registration of the mark "Winter Carnival" for use on men's and boys' underwear. Applicant has used the mark only on men's boxer-type undershorts sold in men's clothing and department stores.

Appellant manufactures footwear of rubber and other material and is the registrant of "Winter Carnival" for use on women's boots. The opposition is based on prior use and registration, alleging likelihood of confusion.[1]

At the time appellant's opposition was filed, its registration recited use of "Winter Carnival" for boots for men, women and children. It appears, however, that its mark has actually been used only on women's boots. Subsequent to the decision of the Commissioner and in accord

---

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'CONNELL*, pursuant to provisions of Section 294(d), Title 28, United States Code.

1. Applicant sought relief by cancellation proceedings.

   That relief was denied by the examiner and sustained by the Commissioner. Applicant has not appealed from that action.

with a recommendation therein, appellant restricted its registration to women's boots.

It is undisputed that registrant is the prior user. The examiner sustained the opposition, stating that the respective goods of the parties are marketed in the same retail establishments and might readily be purchased by either sex, and that contemporaneous sale of the instant goods under identical trademarks would be reasonably likely to result in confusion, mistake, or deception of purchasers.

The Assistant Commissioner reversed the examiner and dismissed the opposition on the grounds that registrant's products, women's boots, are ordinarily purchased by women while applicant's products, underwear for men and boys, are likely to be purchased primarily by men in men's shops. The Assistant Commissioner further stated that although the products of both parties are actually sold in department stores, they are not likely to be sold or displayed together or in the same departments, hence confusion is unlikely.

Although the evidence does not indicate that applicant has used its mark on boys' underwear, we must resolve the issues here in accordance with the goods recited in the application, i. e. "men's and boys' underwear." General Shoe Corp. v. Lerner Bros. Mfg. Co., Inc., 254 F.2d 154, 45 CCPA 872. Registrant contends it is common knowledge that women, as mothers, purchase their children's clothes, including, of course, their undergarments. Therefore, as the matter stands before us, there is a reasonable likelihood that the same customers would purchase both the boots of registrant and the underwear of applicant. In our opinion, use of the identical trademark on the instant goods would be likely to lead purchasers to assume that they emanated from the same source.

We agree with the examiner that concurrent use of the "Winter Carnival" mark by the parties on their respective goods would be likely to result in the confusion contemplated by section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d).

The decision is reversed.

Reversed.

MARTIN, Judge (concurring).

I concur in the result only since I cannot conclude that there is a clear likelihood of confusion among purchasers as to the source of the goods of the respective parties. Yet, on the other hand, since identical trademarks are being used on items of wearing apparel which reasonably could be purchased by the same customers, even though the articles are very different, doubt is raised in my mind as to whether the concurrent use of the marks would be likely to cause confusion among purchasers and that doubt must be resolved in favor of the first user of the trademark.