**John MARSHALL, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 18146.**

United States Court of Appeals,
Seventh Circuit.

Aug. 20, 1970.

---

356

John Marshall, Richard B. Caifano, Chicago, Ill., for plaintiff-appellant.

William J. Bauer, Thomas A. Foran, U. S. Attys., Peter Vaira, Jr., Sp. Atty., Dept. of Justice, Chicago, Ill., for defendant-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before SWYGERT, Chief Judge, MURRAH, Senior Circuit Judge,* and KERNER, Circuit Judge.

KERNER, Circuit Judge.

Petitioner Marshall appeals from the district court's summary denial of his pro se petition brought pursuant to 28 U.S.C. § 2255.[1]

On July, 28, 1966, petitioner was indicted under seven counts charging viola-

---

* Senior Circuit Judge Murrah of the United States Court of Appeals for the Tenth Circuit is sitting by designation.

1. Petitioner's brief on appeal was also pro se, but he was represented by counsel at oral argument.

tions of 18 U.S.C. §§ 1343, 2314 and 371. After four days of trial, upon the advice of retained counsel, petitioner withdrew his plea of not guilty and entered a plea of guilty on June 27, 1967. Petitioner was given a general sentence of twelve years.[2]

Petitioner raises two allegations of error on appeal from the denial of his § 2255 petition: (1) that the court in accepting his guilty plea failed to fully advise him of the consequences of his plea in compliance with Rule 11 of the Federal Rules of Criminal Procedure,[3] and therefore his plea was not voluntary; and (2) that the general sentence of twelve years imposed on petitioner was illegal because it exceeded the number of

years that petitioner could have been sentenced on any single count of the indictment. The district court dismissed petitioner's petition without holding an evidentiary hearing and petitioner Marshall asks this court to remand his case to the district court for a hearing.

Petitioner contends that the trial judge did not comply with the dictates of Rule 11 in that the court did not inform petitioner of the possibility of consecutive sentences under each count of the indictment.[4] Petitioner states that had he known of such possibility he would not have entered his guilty plea.

The Third Circuit in holding that the failure to apprise a defendant, pursuant to a plea of guilty, that the defend-

2. This sentence was to run concurrently with a sentence imposed on him by the United States District Court for the Central Division of California on March 31, 1964. See United States v. Marshall, Criminal Case No. 32835.

3. Rule 11 amended in 1966 provides:
A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is factual basis for the plea.

4. The following colloquy took place between the court and petitioner pursuant to the court's acceptance of petitioner's guilty plea (petitioner is also known as Marshall Caifano):
Defendant's attorney: Your Honor, at this time the defendant Marshall Caifano, would move the Court to withdraw the plea of not guilty heretofore entered and enter a plea of guilty to indictment, 66 CR 486, to Counts 1, 2, 3, 4, 5, 6 and 7.
He has been explained the nature of the charge. He has also been explained that on Counts one through five the

penalty is $1,000.00 and/or five years, and that the penalty on 2314, which is Count 6, is a penalty of $10,000.00 and/or ten years, and the penalty under the conspiracy count, which is Count 7, is $10,000.00 and/or five years.
The Court: Well, before I will permit him to withdraw his plea,—Mr. Caifano—
Defendant Caifano: Yes, sir.
The Court: —as you know, you are entitled to a trial by jury, which we have started here in this Court. You understand that, don't you sir?
Defendant Caifano: Yes.
The Court: And if not by jury, you understand you would be entitled to a trial by me, by the Court?
Defendant Caifano: Yes.
The Court: You have heard your counsel—
Defendant Caifano: Yes.
The Court: —outline the possible penalties here on Counts 1 through 5 are $1,000.00 or five years; Count 6, $10,-000.00 and/or ten years, and Count 7, $10,000.00 and/or five years. You understand that, do you, Mr. Caifano?
Defendant Caifano: Yes.
The Court: Now, has anyone made you any promises—
Defendant Caifano: No sir.
The Court: —as what my sentence might be?
Defendant Caifano: No sir.
The Court: Has anyone used any undue influence on you to get you to plead guilty?
Defendant Caifano: No sir.
The Court: Well, with that, I will permit your counsel to withdraw Mr. Caifa-

ant would not be eligible for parole was failure to comply with the dictates of Rule 11, stated:

> The mandate of Rule 11, before and after the 1966 amendment is designed to insure that the pleader is made aware of the outer limits of punishment. At the very least, this means that he must be apprised of the period of required incarceration * * *. When one enters a plea of guilty he should be told what is the worst to expect. At the plea he is entitled to no less—at sentence he should expect no more.
>
> Under such circumstances, the knowledge of ineligibility for parole is as necessary to an understanding of the plea as is the knowledge of the maximum sentence possible. Failure to impart this information constituted a failure to explain to the appellant the consequences of his plea. Berry v. United States, 412 F.2d 189, 192–193 (3d Cir. 1969).

See also Durant v. United States, 410 F. 2d 689 (1st Cir. 1969). We agree with the court's reasoning in *Berry* and hold that the failure to inform the defendant of the possible maximum sentence that may be imposed pursuant to his plea of guilty is failure to follow the requirements of Rule 11. See *e. g.,* Combs v. United States, 391 F.2d 1017 (9th Cir. 1968); Harper v. United States, 368 F. 2d 53, 56 n. 2 (10th Cir. 1966); Pilkington v. United States, 315 F.2d 204 (4th Cir. 1964). Consequently, we find that the failure of the trial judge to expressly inform defendant Marshall of the possibility of consecutive sentencing on the several counts of his indictment renders the trial judge's inquiry technically violative of the requirements of Rule 11.

We must now decide what consequences flow from the court's failure to comply strictly with the requirements of Rule 11. The Supreme Court held in McCarthy v.

United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), that in all cases in which Rule 11 was not complied with, the defendant's plea of guilty is vacated and he is entitled to plead anew. The holding in *McCarthy* was held subsequently not retroactive (see Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969)) and consequently, applies only to guilty pleas after April 21, 1969.

■ Since defendant's plea of guilty was made previous to April 21, 1969, the appropriate pre-*McCarthy* remedy is to place on the government the burden of demonstrating from the record that the guilty plea was voluntary and if voluntariness cannot be determined from the record, the proper remedy is to remand the case for an evidentiary hearing on the issue of voluntariness. See McCarthy v. United States, 394 U.S. at 469, 89 S.Ct. 1166; see also Stetson v. United States, 417 F.2d 1250 (7th Cir. 1969); Stephens v. United States, 376 F.2d 23, 25 (10th Cir. 1967).

■ We have carefully examined the entire record and find defendant's guilty plea to have been made voluntarily and with understanding of the nature of the charge. Although the trial judge did not specifically inform defendant that he could receive consecutive sentences on the various counts of the indictment, the colloquy between the judge and defendant on this point indicates that the clear implication was that defendant could receive consecutive sentences:

> The Court: You have heard your counsel—
>
> Defendant Caifano: Yes.
>
> The Court: —outline the possible penalties here on Counts 1 through 5 are $1,000.00 or five years; Count 6 $10,000.00 and/or ten years, and Count 7, $10,000.00 and/or five years. You understand that, do you, Mr. Caifano?
>
> Defendant Caifano: Yes.

no's plea of not guilty. And now you plead guilty, Mr. Caifano?
Defendant Caifano: Yes, sir.

The Court: Very well, this matter of the United States v. Marshall Caifano, for sentencing, will be continued until Tuesday of next week, at 10:00 o'clock.

If defendant had a question about the possibility of consecutive sentences or did not understand the significance of what the judge had said, he could have indicated his uncertainty at this point. He failed to do so, however, and responded yes to the judge's inquiry as to whether he understood.

In addition, contained on page 4B of petitioner's § 2255 petition in the district court (which is part of the record on appeal) is the following allegation made by petitioner:

> When the movant entered his pleas on June 22, 1967, he was under the impression by agreement, that punishment would be for a term of imprisonment not exceeding ten (10) years on all *seven counts combined to run concurrently* and concurrently with another, prior ten (10) year sentence which movant was in the process of serving. (Emphasis supplied)

This allegation indicates that petitioner was aware previous to his plea of guilty that there was a possibility under the law that he could receive consecutive sentences on the various counts of the indictment.

Consequently, we find that the petitioner knew at the time of his guilty plea that he could receive consecutive sentences and that "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. We therefore on the Rule 11 question affirm the denial of the district court of petitioner's § 2255 petition without an evidentiary hearing.

■ As to petitioner's second allegation of error, this court stated in United States v. Fannon, 403 F.2d 391, 394 (7th Cir. 1968):

> [T]hat a general sentence may be imposed if it is not greater than the maximum penalty which may be given under any count. United States v.

Barney, 371 F.2d 166 (7th Cir. 1966), cert. denied 387 U.S. 905 [87 S.Ct. 2080, 18 L.Ed.2d 1333].

Consequently, the government on appeal concedes that since the maximum penalty petitioner could have received on any one count was ten years, it was error to give petitioner a general sentence of twelve years. We agree.

■ Since this error in sentencing is not of the fundamental kind which can be reached under 28 U.S.C. § 2255 petition, Benson v. United States, 332 F.2d 288, 292 fn. 10 (5th Cir. 1964), we construe petitioner's allegation of error as a motion for the correction of an illegal sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.[5] See United States v. Coke, 404 F.2d 836, 847 (2d Cir. 1968). Consequently, we remand this cause to the trial court for treatment pursuant to Rule 35.

Affirmed in part, reversed and remanded in part.

---

5. Rule 35 provides in relevant part: The court may correct an illegal sentence at any time.