58 CCPA

**CROWN INDUSTRIAL PRODUCTS COMPANY, Appellant,**

v.

**CROWN CENTRAL PETROLEUM COR-PORATION, Appellee.**

**Patent Appeal No. 8503.**

United States Court of Customs and Patent Appeals.
April 22, 1971.

James G. Staples, Chicago, Ill. (Parker, Carter & Markey, Chicago, Ill.), attorney of record, for appellant.

Milton Osheroff, Tashof & Osheroff, Washington, D. C., attorneys of record, for appellee.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and SKELTON, Judge, United States Court of Claims, sitting by designation.

ALMOND, Judge.

Crown Industrial Products Company, appellant, filed an application [1] to register "CROWN" for a general line of industrial aerosol products, including greases, penetrating and cleaning oils, lubricating oils, foundry mold release agents and cutting oils, all of which are in Class 15.

Registration was opposed by Crown Central Petroleum Corporation, appellee, registrant of "CROWN" for lubricating oils and greases.[2] The opposition was sustained by the Trademark Trial and Appeal Board in a decision abstracted at 159 USPQ 792, and Crown Industrial appeals from that decision.

Only appellant filed testimony. While both parties filed briefs, only appellee presented oral arguments to the board and to this court, appellant submitting on brief in both instances. Appellant's testimony consisted of that of one of its officials from which it appears that it uses the mark CROWN for, among other products, a line of lubricants, including penetrating and cleaning oils, and lubricating oils and greases, all of which products are marketed in aerosol containers to industrial concerns. While appellee took no testimony, it made of record below copies of its pleaded registrations of the mark CROWN which issued long prior to appellant's asserted date of first use, and constitute statutory evidence of appellee's ownership and prior rights in the mark for the goods set forth therein.

Appellant's position below, and in essence here, is to the effect that there is no likelihood of confusion within the terms of the statute (15 U.S.C. § 1052 (d)) because of the asserted differences between its lubricants and those of appellee, particularly with respect to the manner in which they are packaged and the class of purchasers to whom they are sold, the inference being that appellee's goods are sold only at retail in gasoline stations owned and operated by appellee.

In our view of the record this contention was effectively disposed of by the board where it stated:

> It is apparent * * * that some of applicant's "CROWN" lubricants are adaptable for sale through retail outlets, including service stations, to the general public, and the fact that they are presently only sold to industrial concerns is of no particular consequence here, since it merely involves a trade practice of applicant which is

1. Serial No. 206,237 filed November 16, 1964, alleging first use since March 1952.

2. Reg. No. 40,411 issued May 19, 1903, renewed May 19, 1953. Three other registrations, No. 251,712 (CROWN and design for motor oils for lubricating purposes); No. 256,150 (CROWNZOL and

design for gasoline and oils adapted to be used as motor fuel and for illuminating and lubricating purposes); and No. 273,320 (CROWNZOL for gasoline and oils adapted to be used as motor fuel and for illuminating and lubricating purposes), relied on below, are no longer being relied on by appellee.

subject to change at any time. But more than that, since the identifications of goods in applicant's application and opposer's registrations comprehend identical products, and neither contains any limitations as to the manner in which the goods are to be marketed or to the class of purchasers to whom they are to be sold, no material distinction can be drawn between them for the purposes of registration. Hunt Foods and Industries, Inc. v. The Gerson Stewart Corp., 151 USPQ 350 [367 F.2d 431, 54 CCPA 751] (CCPA, 1966); Cambridge Rubber Company v. Cluett, Peabody & Co., Inc., 128 USPQ 549 [286 F.2d 623, 48 CCPA 834] (CCPA, 1961); and In re Fleet-Wing Corporation, 89 USPQ 369 [188 F.2d 476, 38 CCPA 1039] (CCPA, 1951).

Appellant, relying on a number of third-party registrations, also argues that appellee's mark CROWN is a "weak" mark. It is to be observed, however, that the marks and goods of the parties are identical, and we agree with the board that:

It must here be assumed, however, that "CROWN" possesses the capacity of identifying the lubricants of both parties as to source, and we are clearly of the opinion that their contemporaneous use thereof for such goods is likely to cause confusion or mistake or to deceive. Such being the case, the relative strength or weakness of the mark can add nothing to applicant's right of registration.

We affirm the decision of the board. Affirmed.