**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ysidro Joe GARCIA, Defendant-Appellant.**

**No. 25961.**

United States Court of Appeals, Ninth Circuit.

Aug. 26, 1971.

Carl E. Stewart, Orange, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, BROWNING and TRASK, Circuit Judges.

PER CURIAM:

Appellant, Joe Garcia, was indicted in a nine count indictment filed on February 26, 1969, for violations of 21 U.S.C. § 174 (sale, facilitation, transportation, and concealment of heroin) and for violations of 26 U.S.C. § 4705(a) (sale of heroin without obtaining a properly issued written order). Three of the counts were for a transaction which involved 20.890 grams of heroin on January 28, 1969; three for a transaction which involved 22.340 grams of heroin on January 30, 1969; and three for a transaction which occurred on February 3, 1969 involving 341.220 grams of heroin.

The defendant waived trial by jury and at the conclusion of a trial to the court was found guilty on all nine counts and sentenced to the mandatory minimum of five years on each count, all sentences to be served concurrently. The trial court then permitted the appellant to remain at liberty on bond of $2,500 with $250 cash deposit and he is now at liberty on such a bond. The appeal is here pursuant to 28 U.S.C. § 1291.

Most of the essential facts of the transactions were embodied in a written and signed Stipulation of Facts which admitted the three sales and identified the product as heroin. After the introduction of the stipulation, the government agent who made the purchases took the stand and testified that he and an undercover assistant met the appellant on January 28, 1969, and at that meeting the appellant stated that the source of supply of his heroin was a Mexican national who was obtaining the heroin in old Mexico. The agent related substantially the same conversation which occurred on another occasion except that the appellant stated the source of supply was a Mexican national who was in the country illegally. The appellant denied the conversations and denied any knowledge of the source of the heroin.

█ The first ground urged for reversal is inadequate representation of counsel in violation of the Sixth Amendment. There was no such objection at trial and this court in Borchert v. United States, 405 F.2d 735, 738 (9th Cir. 1968), cert. denied, 394 U.S. 972, 89 S.Ct. 1466, 22 L.Ed.2d 753 (1969), has held that under such circumstances relief may not be granted unless the trial was a "farce, or a mockery of justice, or was shocking to the reviewing court." See also United States v. Johnson, 434 F.2d 827, 831 (9th Cir. 1970); United States v. Porter, 431 F.2d 7, 10–11 (9th Cir.), cert. denied, 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970). Our examination of the record discloses no such circumstances.

█ The second complaint urged is that the Stipulation of Facts constituted a de facto plea of guilty and that the court was required to question the appellant as to his knowledge of the consequences of the filing of the stipulation as though it were a guilty plea, pursuant to Rule 11, Fed.R.Crim.P. The record discloses, however, that the trial court did question appellant carefully as to appellant's knowledge of the document and consent to its filing before he accepted it in evidence. R.T. 6–7. That record does not support appellant's contentions.

█ Finally, it is urged that trial counsel should have insisted that the informant be produced on the chance that he might have impeached the agent on his testimony regarding the foreign source of the heroin. There is no indication in the record before this court that such witness, probably hostile, would have given such evidence.

The judgment is affirmed. The mandate will issue forthwith.