Robert Earl PETTIGREW, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72–2204.

United States Court of Appeals, Sixth Circuit.

Submitted April 3, 1973.

Decided June 20, 1973.

Robert Earl Pettigrew, in pro per.

Frederick M. Coleman, U. S. Atty., Joseph Cipollone, Asst. U. S. Atty., Cleveland, Ohio, for respondent-appellee.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying Appellant's motion to vacate sentence pursuant to 28 U.S.C. § 2255. Appellant entered a plea of guilty to one count of armed robbery and in January, 1969 was committed to the custody of the Attorney General for eighteen years. In his petition, Appellant alleged that he was coerced into pleading guilty by an F.B.I. agent who told him that unless he pleaded guilty he would be brought to trial for five separate bank robberies and that he would be put away for life. The petition further alleged that the District Court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure in accepting Appellant's guilty plea. Several other allegations were also made in the petition. The District Court denied the motion, finding that Appellant, at the time he entered his plea, had been advised of his constitutional rights, that he understood the charge against him, had been made no promises and had pleaded guilty because he believed he was guilty of the charge. The remaining allegations were found to be conclusory with no stated factual basis.

It is the contention of Appellant that the District Court failed to advise him of the consequences of his plea of guilty in accordance with Rule 11 of the Rules of Criminal Procedure which provides:

"A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant

refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

The District Court, in accepting Appellant's plea of guilty, did not inquire whether Appellant understood the consequences of his plea.[1] Rule 11 requires the District Court to direct such an inquiry to the defendant. Smith v. United States, 400 F.2d 860 (6th Cir. 1968); Harris v. United States, 426 F.2d 99 (6th Cir. 1970).

■■ The plea in this case was accepted on November 28, 1968, prior to the decision of the Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which held that failure to comply strictly with Rule 11 was *per se* prejudicial. In Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), the Court held that the decision in *McCarthy* was to be applied prospectively only, from April 2, 1969. We have previously considered the effect of a District Court's failure to inform a defendant of the consequences of a guilty plea in accepting a plea before April 2, 1969. See Harris v. United States, 426 F.2d 99 (6th Cir. 1970).

1. The following colloquy occurred at the time the plea was entered:

"The Court: Let the record show the defendant is signing the waiver of indictment in open court, and he has been advised as to his rights in regard to it by counsel.

There is no question, I take it, of service of the information?

Mr. Fleming: No question, your Honor.

The Court: How does he intend to plead to this?

Mr. Fleming: At this time we will enter a plea of guilty to the information, your Honor.

The Court: All right. Have you explained this information carefully to him?

Mr. Fleming: Yes.

The Court: You represent to the Court he fully understands it?

Mr. Fleming: Yes.

The Court: All right. You have explained to him his constitutional rights to a trial by jury, and so forth?

Mr. Fleming: That is correct, your Honor.

The Court: Mr. Pettigrew, you have heard counsel and my remarks. Do you fully understand the charge as set forth in this information?

The Defendant: Yes, sir.

Mr. Fleming: Your Honor, at this time I would like to request that this matter be referred to the Probation Department.

The Court: Wait. Have any promises of any kind been made to you?

The Defendant: No.

The Court: Do you understand that if any promises have been made the Court knows nothing about them, and is in no way obligated to carry them out?

The Defendant: Yes.

The Court: Now, in entering a plea of guilty to this information will it be because you believe you are guilty of this charge?

The Defendant: Yes.

The Court: That is, on or about the 31st day of May, 1968, in this district, you, with three other men, took, intimidated, and took from the Assistant Manager and tellers at the Central National Bank on Harvard Street— Harvard and East 64th Street, Cleveland, the sum of $11,617, belonging to that bank, the deposits of which in the bank were insured by the Federal Deposit Insurance Company, and in committing that offense you assaulted and placed in jeopardy the lives of employees with a dangerous weapon, a gun; is that correct?

The Defendant: Yes, sir.

The Court: And how do you plead then to the charge contained in this information, and that I have just summarized for you?

The Defendant: Guilty, your Honor.

The Court: A plea of guilty is entered, and the matter will be referred to the Probation Department for presentence report.

Mr. Oakar: Your Honor, I recommend a $10,000 surety bond in this case.

The Court: So ordered.

Mr. Fleming: Thank you, your Honor."

Had the plea been accepted after the *McCarthy* decision, a vacation of Appellant's plea would be required and he would be permitted to enter a new plea. Since the plea was entered pre-*McCarthy,* we remand for an evidentiary hearing to determine whether, at the time he entered his plea, Appellant was aware of the maximum sentence that could be imposed as a result of pleading guilty. The burden as to voluntariness is on the Government. Harris v. United States, 426 F.2d 99, 101 (6th Cir. 1970).

■■ With regard to Appellant's remaining contentions, we affirm the order of the District Court. The allegations relating to the pre-sentence report containing wrong information and the incompetence of Appellant's counsel fail to state any supporting factual basis.[2] A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations." Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1963). A denial for this reason is not on the merits, but merely a ruling that the petition was deficient. Sanders v. United States, *supra,* 373 U.S. at 19, 83 S.Ct. 148.

The order of the District Court is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

---

2. Appellant's petition alleged that erroneous information was contained in the pre-sentence report and that he was entitled to rebut that information. The petition did not claim an absolute right to the report. Rule 32(c)(2) of the Federal Rules of Criminal Procedure provides that

    ". . . [t]he court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. Any material disclosed to the defendant or his counsel shall also be disclosed to the attorney for the government."

While this Circuit has not ruled on the question, most of the Circuits have not treated the issue of disclosure of the presentence report as one of constitutional magnitude, and have held that under Rule 32(c)(2) disclosure is discretionary with the trial judge. *See* United States v. Humphreys, 457 F.2d 242, 245 (7th Cir. 1972) ; United States v. Frontero, 452 F.2d 406, 410 (5th Cir. 1971) ; United States v. Knupp, 448 F.2d 412, 413 (4th Cir. 1971) ; United States v. Dockery, 145 U.S.App.D.C. 9, 447 F.2d 1178, 1182 (1971), cert. denied, 404 U.S. 950, 92 S. Ct. 299, 30 L.Ed.2d 266 (1971) ; United States v. Hendrickson, 442 F.2d 360 (3d Cir. 1971) ; Fernandez v. Meier, 432 F. 2d 426, 427 (9th Cir. 1970) ; United States v. Virga, 426 F.2d 1320 (2d Cir. 1970), cert. denied, 402 U.S. 930, 91 S. Ct. 1530, 28 L.Ed.2d 864 (1971) ; United States v. Gross, 416 F.2d 1205, 1214 (8th Cir. 1969), cert. denied, 397 U.S. 1013, 90 S.Ct. 1245, 25 L.Ed.2d 427 (1970). A petition alleging an abuse of the Court's discretion must be supported by some factual allegations.