**UNITED STATES of America,**
**Appellee,**

v.

**John Craige TERRACK, Appellant.**

**No. 74–1283.**

United States Court of Appeals,
Ninth Circuit.

April 16, 1975.

Bruce Margolin (argued), Hollywood, Cal., for appellant.

Kenneth P. Snoke, Asst. U. S. Atty. (argued), Los Angeles, Cal., for appellee.

## OPINION

Before ELY and WALLACE, Circuit Judges, and POWELL,* District Judge.

POWELL, District Judge.

A complaint was filed against the appellant Terrack on April 9, 1971, charging him with the smuggling of narcotics into the United States. On June 4, 1973 Terrack was arrested. An indictment was returned on August 13, 1973 charging Terrack with conspiring to import narcotics into the United States and with the importation of narcotics in violation of 21 U.S.C. § 174. Terrack was arraigned in the District Court on September 17, 1973. His attorney moved to dismiss the indictment on the ground that Terrack's right to a speedy trial had been violated. That motion, made on October 11, 1973 was denied by the District Court on October 29, 1973. A superseding information was filed against Terrack on November 13, 1973, charging him with the unlawful distribution of a narcotic not contained in its original stamped package, a violation of 26 U.S.C. § 4704(a). On that same day a stipulation of facts was filed by the prosecution and Terrack through Terrack's then defense attorney. Solely on the basis of this stipulation, Terrack was found guilty by the district judge.

■ The first issue raised in this appeal is whether Terrack was denied his right to a speedy trial as a result of government delays in issuing a complaint against him, arresting him, indicting him, or arraigning him. In Northern v. United States, 455 F.2d 427 (9th Cir. 1972), our court recognized that "the filing of a criminal complaint, or indictment where there is no complaint, marks the inception of the speedy trial guarantee of the Sixth Amendment." *Id.* at 429. And the Supreme Court has held, in United States v. Marion, 404 U.S. 307,

92 S.Ct. 455, 30 L.Ed.2d 468 (1971), that the right to speedy trial attaches once "the putative defendant in some way becomes an 'accused.'" *Id.* at 313, 92 S.Ct. at 459. Black's Law Dictionary defines a complaint as "A charge, preferred before a magistrate having jurisdiction, that a person named (or unknown person) has committed a specified offense . . . ." Similarly, Rule 3 of the Federal Rules of Criminal Procedure describes a complaint as "a written statement of the essential facts constituting the offense charged." Clearly, once a suspect is "charged" with an offense, he is an "accused" within the meaning of United States v. Marion, *supra*. But *cf.* Favors v. Eyman, 466 F.2d 1325 (9th Cir. 1972); United States v. Griffin, 464 F.2d 1352 (9th Cir. 1972). In the present case, however, all pre-indictment delays were primarily caused by Terrack's successful evasion of capture. Federal officers had obtained an arrest warrant, attempted to locate Terrack, notified local law enforcement agencies in areas where Terrack had previously resided, and eventually designated Terrack as a fugitive from justice. Terrack cannot claim a violation of his Sixth Amendment rights by reason of delays of his own making.

■ Furthermore, the delay between arrest and indictment was the result of an on-going negotiations between Terrack and the Government regarding Terrack's possible cooperation in the investigation of other narcotics violators. When those negotiations broke down, the Government swiftly indicted Terrack. Terrack was arraigned on the indictment approximately one month after the indictment was filed, and he has made no showing of prejudice as a result of that delay. Although over two years elapsed between the filing of the complaint and the arraignment, Terrack's right to a speedy trial has not been violated according to the standards set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

---

* Honorable Charles L. Powell, Senior United States District Judge, Spokane, Washington, sitting by designation.

■ The appellant here also contends that the stipulation signed by him and his trial counsel and filed with the court was a de facto guilty plea which required the trial judge to conduct an examination of the defendant pursuant to Rule 11, Federal Rules of Criminal Procedure.[1] The stipulation admitted the facts alleged in the information, followed the statute on which the charge was based and recited facts peculiarly within appellant's knowledge. No exhibits were filed or testimony taken. A jury had been waived. The trial judge found the defendant guilty after personally questioning him as to his understanding of the consequences of filing the stipulation.[2] We hold that a Rule 11 examination is inapplicable here and that the examination of the defendant was sufficient.

In United States v. Garcia, 450 F.2d 287 (9th Cir. 1971), this court passed on the question presented here. It held that on the filing of a stipulation amounting to a "defacto guilty plea," Rule 11 did not require extensive examination of the defendant.

"The second complaint urged is that the Stipulation of Facts constituted a de facto plea of guilty and that the court was required to question the appellant as to his knowledge of the consequences of the filing of the stipula-

tion as though it were a guilty plea, pursuant to Rule 11 Fed.R.Crim.P. The record discloses, however, that the trial court did question appellant carefully as to appellant's knowledge of the document and consent to its filing before he accepted it in evidence. R.T. 6–7. That record does not support appellant's contentions." *Id.* at 288.

Other jurisdictions have held that the requirements of Rule 11 are applicable only to guilty pleas and not to stipulations. *See*, United States v. Dorsey, 146 U.S.App.D.C. 28, 449 F.2d 1104, 1107 (1971); United States v. Brown, 138 U.S.App.D.C. 398, 428 F.2d 1100, 1102 (1970). No authority has been cited which holds that Rule 11 is triggered by anything other than a plea of guilty or *nolo contendere.* Here appellant pleaded not guilty and signed and filed his stipulation.

In the *Brown* case, the trial judge did not personally address the defendant to determine the voluntariness of the waivers involved. United States v. Brown, *supra* at 1103–1104. Here, the appellant was addressed personally. He signed a simple, straightforward, four-paragraph stipulation. It was signed in nearly identical form on two separate occasions, once on November 13, 1973 (R.T. 18) and again on November 14, 1973 (R.T. 25).

1. "A defendant may plead not guilty, guilty, or with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." F.R.Cr.P. Rule 11.

2. "THE COURT: Very well. Mr. Terrack, you are, of course, entitled to a trial by jury and you are entitled to be confronted with all witnesses against you, to cross-examine those witnesses. And you are entitled to insist that the Government prove their case beyond a reasonable doubt. By signing the stipulation agreeing to it you are virtually stipulating to the facts which indicate your guilt. Do you understand that?

THE DEFENDANT: Yes, sir, I do.

THE COURT: And that for all intents and purposes this is a guilty plea except for the fact that you are doing it in this manner in order to reserve the rights or your position which you asserted on the motion for dismissal?

THE DEFENDANT: Yes, sir, I do.

THE COURT: And with that knowledge you are then waiving those rights and agreeing that this stipulation may be signed?

THE DEFENDANT: Yes, sir, I did.

THE COURT: Very well. The stipulation will be received." (R.T. 24–25)

Rule 11 requires the trial judge to personally address the defendant as to his knowledge of the charge and the consequences of his guilty plea before the court will accept the plea. These procedures are intended to establish on the record that the plea of guilty is voluntarily entered by the defendant. *See,* McCarthy v. United States, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Halliday v. United States, 394 U.S. 831, 832, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). A guilty plea waives important constitutional rights including the right to confront one's accusers. McCarthy v. United States, *supra,* 394 U.S. at 466, 89 S.Ct. 1166. Rule 11 procedures are designed to show that the defendant's waivers are intentional relinquishment or abandonment of known rights. Groves v. Prickett, 420 F.2d 1119, 1125 (9th Cir. 1970); Kates v. Nelson, 435 F.2d 1085, 1088 (9th Cir. 1970). To extend Rule 11 to include stipulations would add formality where none is required.[3] *See* United States v. Escandar, 465 F.2d 438, 440 (5th Cir. 1972).

Affirmed.

ELY, Circuit Judge (dissenting):

I respectfully dissent.

The basic issue is whether Terrack's stipulation was, for all intents and purposes, a guilty plea, entitling Terrack to such due process rights as are accorded to all accuseds who plead guilty. Terrack stipulated to the existence of all elements of the offense charged, couching his stipulation in the language of the statute under which he had been indicted. Furthermore, he stipulated to all the facts charged by the Government, including facts uniquely within his own knowledge, i. e., that he "knowingly, intentionally, and unlawfully placed the above described books in the mail." No witnesses or evidence other than the stipulation was presented to the court prior to Terrack's conviction. The trial judge, apparently recognizing that Terrack was entering a de facto guilty plea by assenting to the stipulation, twice informed him that his entry of the stipulation constituted a guilty plea. The court stated:

"By signing this stipulation agreeing to it you are virtually stipulating to the facts which indicate your guilt." " . . . And that for all intents and purposes this is a guilty plea except for the fact that you are doing it in this manner in order to preserve the rights on your position which you asserted on the motion for dismissal?"[1]

The prosecution argues, and the majority appears to agree, that the fact that the stipulation was not formally designated as a guilty plea is determina-

---

**3.** The dissent would include stipulations within the ambit of Rule 11. This would unduly encumber trials now often shortened by stipulation of evidence and to identify exhibits, to specify the chain of custody, and other important matters. To require a Rule 11 examination on every stipulation containing a vital admission of the defendant would add ritualistic formalities where none are needed nor required. Here, appellant and his trial counsel were following the usual procedure to preserve the right to appeal the speedy trial question. If Rule 11 were to be applied only to stipulations constituting de facto pleas of guilty, when and how is that determination made? Every stipulation of a vital fact is an admission tending to establish guilt. Rule 11 specifically applies to pleas of guilty and *nolo contendere* and not to trials. These are areas with a clear division between them. They are either black or white. To create a gray area where stipulations, as a part of a trial, would be governed by the rules on the acceptance of pleas would further complicate the trial judge's duties and push him further into the role of an advocate.

**1.** I would not go so far as to hold that a stipulation, like a formal plea of guilty, waives an accused's claims relating to prior deprivation of his constitutional rights. *See* Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). If that were the case, one who wished to preserve his right to appeal an adverse decision on his constitutional claim would be forced to plead not guilty, and undergo trial. Obviously, such an unnecessary waste of time, effort, and expense should be avoided.

**562**

tive, even though its consequences were precisely the same as a guilty plea, assured conviction without any production of prosecutorial evidence. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) does not support that conclusion. In *Boykin*, the Supreme Court noted that a guilty plea has the following characteristics:

"A plea of guilty is more than a voluntary confession made in open court, it also serves as a *stipulation* that no proof by the prosecution need be advanced. . . . It supplies both evidence and verdict, ending controversy." (emphasis added) (citation omitted.) *Id.* at 243–44, 89 S.Ct. at 1712 n. 4.

Terrack's *stipulation* to the prosecution's entire case was, exactly like a guilty plea, a stipulation that no proof by the prosecution was necessary. Once the stipulation was made, the controversy was effectively terminated, and accordingly, the trial judge summarily made his judgment of conviction. Thus, Terrack's stipulation contained the basic characteristics that, under Supreme Court doctrine, delineate a plea of guilty. This being true, all incidents to the acceptance of a plea of guilty should at-

tach. The prosecution contends that the omission of stipulations, as such from the express language of Rule 11, Fed.R. Crim.P. controls, barring our court from recognizing that Terrack's stipulation was equivalent to a guilty plea in the weight of its consequences. I cannot agree. I would hold that an accused whose stipulation constitutes a de facto plea of guilty is entitled to the same due process safeguards as a defendant who pleads nolo contendere or enters a formal plea of guilty.[2] As the Supreme Court stated in McCarthy v. United States, 394 U.S. 459, 472, 89 S.Ct. 1166, 1174, 22 L.Ed.2d 418 (1969):

"It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking."

Although, as the majority notes, the court did personally address the appellant as to the consequences of signing the stipulation, the court's advice fell far short of the due process requirements incorporated into Rule 11, *supra*.[3] The court did not even advise Terrack of the maximum sentence, or range of sen-

---

**2.** The majority suggests that in our court's brief per curiam opinion in United States v. Garcia, 450 F.2d 287 (9th Cir. 1971), we "passed on the question presented here." I cannot agree that the cryptic discussion of the stipulation in *Garcia* is susceptible to the interpretation the majority places upon it. In *Garcia* the appellant argued that the court was required to question him "as to his knowledge of the consequences of the filing of the stipulation as though it were a guilty plea, pursuant to Rule 11, Fed.R.Crim.P." (450 F.2d at 288.) The *Garcia* court concluded that because "the trial court did question the appellant carefully," that *"that record does not support appellant's contentions."* (Emphasis added.) I submit that *Garcia* is thus more susceptible to the interpretation that the appellant's claim failed because he was questioned in compliance with Rule 11, as opposed to the majority's apparently erroneous conclusion that *Garcia* holds that Rule 11 is wholly inapplicable to a de facto plea of guilty via stipulation. If the court in *Garcia* had intended to hold that Rule 11 does not apply to a stipulation amounting

to a guilty plea, it would surely have so stated in explicit terms.

**3.** There is an indication in the record that the trial judge recognized, although too late, that he should, at the very least, have informed Terrack of the direct consequences of Terrack's having entered into such a stipulation. After Terrack had been found guilty and the jury waiver obtained, the judge remarked:

"Very well. In light of the recent cases I suppose I should further inform you that by this stipulation—I guess that won't be necessary."

**4.** Rule 11, Federal Rules of Criminal Procedures, states in relevant part:

"The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge *and the consequence of the plea.*" (Emphasis added.)

tences, that could be imposed upon him. It is uniformly held that the District Court has the obligation to advise the defendant of the maximum sentence that may be imposed upon him on a plea of guilty, as one of the "consequences of his plea." [4] Pettigrew v. United States, 480 F.2d 681 (6th Cir. 1973); Eagle Thunder v. United States, 477 F.2d 1326 (8th Cir. 1973), cert. denied 414 U.S. 873, 94 S.Ct. 142, 38 L.Ed.2d 92 (1973); Robinson v. United States, 474 F.2d 1085 (10th Cir. 1973); United States ex rel. Hill v. United States, 452 F.2d 664 (5th Cir. 1971); Jones v. United States, 440 F.2d 446 (2d Cir. 1971); Marshall v. United States, 431 F.2d 355 (7th Cir. 1970); Wade v. Wainwright, 420 F.2d 898 (5th Cir. 1969); United States v. Berry, 412 F.2d 189 (3rd Cir. 1969), cert. denied 397 U.S. 942 (1970); Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963). See also cases decided by our court, United States v. Myers, 451 F.2d 402 (9th Cir. 1972); Combs v. United States, 391 F.2d 1017 (9th Cir. 1968); Heiden v. United States, 353 F.2d 53 (9th Cir. 1965), cited with approval in McCarthy v. United States, 394 U.S. 459, 468–9, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

Furthermore, the court did not inquire of either Terrack or his then defense attorney as to possible defenses or whether any inducement had been offered, or bargain struck, influencing Terrack to agree to the stipulation. This court has directed that " . . . the judge on his own initiative should explore, on the record, whether such an agreement exists, and, if so, its terms, how they were arrived at, the defendant's understanding of them, and their influence upon his decision to plead guilty." Jones v. United States, 423 F.2d 252 (9th Cir. 1970). A number of other Circuits have also held that the trial judge must, in determining whether a guilty plea is voluntary, inquire as to whether there have been plea negotiations and advise the defendant of their consequences. Paradiso v. United States, 482 F.2d 409 (3rd Cir. 1973); Mawson v. United States, 463 F.2d 29 (1st Cir. 1972); Walters v. Harris, 460 F.2d 988 (4th Cir. 1972), cert. denied 409 U.S. 1129, 93 S.Ct. 947, 35 L.Ed.2d 262 (1973).

" . . . [W]hen the District Court does not comply fully with Rule 11 the defendant's guilty plea must be set aside and his case remanded for another hearing at which he may plead anew." McCarthy v. United States, 394 U.S. 459, 468, 89 S.Ct. 1166, 1172, 22 L.Ed.2d 418 (1969). Since Terrack's stipulation constituted a de facto plea of guilty, entered without due process protection, and received without there having been the necessary compliance with the rigid requirements of Rule 11, supra, I would reverse.[5]

**5.** Under our decision reversing the conviction in United States v. Myers, 451 F.2d 402 (9th Cir. 1972), it is not enough that the defendant knew (if he did know) of the possible sentence for the offense. Under Myers, the record must affirmatively show that the defendant was so advised when he pleaded guilty. See also United States v. Blair, 470 F.2d 331 (5th Cir. 1972), cert. denied, 411 U.S. 908, 93 S.Ct. 1536, 36 L.Ed.2d 197 (1973), in which the court stated:

"That a plea has been made with full understanding of the consequences must appear affirmatively from the record. Therefore, failure to inform the Defendant of the maximum sentence that may be imposed as a result of his plea vitiates its efficacy.

"Under Rule 11 the Trial Court is required to address the Defendant personally regarding the consequences of the plea. And the informed nature of the plea must appear affirmatively from the record." [citations omitted]. (470 F.2d 331, at 339–40).