**POLO FASHIONS, INC., Plaintiff,**

v.

**Telesforo FERNANDEZ & Hno., Inc. d/b/a La Esquina Famosa, and Victor J. Martinez, Defendants.**

**Civ. No. 85–0558.**

United States District Court, D. Puerto Rico.

Jan. 21, 1987.

Cepeda, Sanchez-Betances & Sifre, Hato Rey, P.R., for plaintiff.

Rodriguez-Ramon, Peña & Diaz, Hato Rey, P.R., for defendants.

OPINION AND ORDER

GILBERTO GIERBOLINI, District Judge.

Plaintiff, Polo Fashions, Inc. (Polo) has brought the present action for trademark

infringement and unfair competition against defendant, Telesforo Fernández & Hno., Inc., d/b/a La Esquina Famosa (Telesforo).[1] Jurisdiction is invoked pursuant to 15 U.S.C. § 1051 *et seq.* and 28 U.S.C. § 1338.

Now pending before us is a motion for summary judgment on the issue of liability filed by plaintiff Polo. In its motion plaintiff argues that: 1) Polo's trademarks are "strong" marks and are the subject of United States trademark registrations; 2) Telesforo has sold shirts which are virtually identical in external appearance, directly competitive with and commercially substitutable for those of Polo; and 3) that Telesforo's use of the Polo trademark is a false description or representation of the source of origin of goods—all in violation of the Lanham Trademark Act of 1946 (15 U.S.C. § 1051 *et seq.,* specifically § 1114 and 1125(a)).

Defendant has filed an opposition to plaintiff's motion alleging, in synthesis, that Polo has failed to prove that the shirts sold by defendant are counterfeit, and that even assuming that they are, defendant acted in good faith and thus is not liable for trademark infringement or unfair competition. Plaintiff in its reply memorandum contends that intent is not a necessary element for a finding of trademark infringement or unfair competition under the Lanham Act.

*Applicable Law*

A. *Summary Judgment*

In determining whether summary judgment is appropriate, the court must view the record in the light most favorable to the party opposing the motion and indulge all inferences favorable to that party. *Adickes v. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Cía Petrolera Caribe, Inc. v. Arco Caribbean, Inc.,* 754 F.2d 404, 410 (1st Cir.1985); *Raskiewicz v. Town of New Boston,* 754 F.2d 38, 44 (1st Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 135, 88 L.Ed.2d 111; *Stepanischen v. Merchants Despatch*

*Transportation Co.,* 722 F.2d 922, 928 (1st Cir.1983).

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). If a movant has alleged specific undisputed facts that entitle it to summary judgment as a matter of law, then the burden shifts to the opposing party to show that summary judgment is not appropriate. *Nicholas Acoustics & Specialty Co. v. H. & M. Construction Co.,* 695 F.2d 839, 844 (5th Cir.1983).

We have closely examined the record, and find that the following facts are uncontested:

1) This court has jurisdiction pursuant to 15 U.S.C. 1051 *et seq.* and 28 U.S.C. § 1338.

2) Plaintiff is the owner of the trademarks POLO, RALPH LAUREN, POLO BY RALPH LAUREN and a fanciful representation of a polo player astride a horse ("the Polo Player Symbol"), reproduced in Appendix A of this Opinion and Order, on and in connection with diverse articles of men's and women's apparel, accessories and related services.

3) Plaintiff is the owner of U.S. Trademark Registration No. 978,166 of February 5, 1974 for the trademark POLO BY RALPH LAUREN for diverse articles of wearing apparel; Registration No. 984,005 of May 14, 1974 for the trademark RALPH LAUREN in conjunction with the Polo Player Symbol for men's wearing apparel; Registration No. 990,395 of August 6, 1974 for the trademark POLO BY RALPH LAUREN for retail clothing services, and Registration No. 1,050,722 of October 19, 1976 for women's wearing apparel, *inter alia.* All of these registrations are valid and subsisting.

4) Defendant has offered for sale and sold knit shirts and other items of wearing

---

**1.** Default judgment was already entered against the other defendant in this action, Víctor J. Martínez (Martínez) on September 13, 1985.

apparel bearing a label and a logo on the fabric thereof to which plaintiff has objected as being an unauthorized use of its trademarks on unauthorized goods. A photostatic copy of defendant's goods bearing a label and a logo are included in Appendix B of this Opinion and Order.

5) These shirts were purchased from co-defendant Martínez who warranted that they were authentic Polo shirts. After verifying the samples provided by co-defendant Martínez with Polo shirts being sold in the market by other retail stores in the area, the appearing defendant decided to place an order subject to certain conditions.

6) The conditions included in the purchase order were the following:

Purchase conditions:

1. This merchandise shall not be irregular. Must be manufactured in the United States by Ralph Lauren.

2. The size and colors shall be in accordance to what was bought.

3. It shall be paid as soon as the merchandise is checked and found acceptable.

7) Upon receipt of the merchandise defendant, La Esquina Famosa proceeded to verify its authenticity against the sample bearing the Polo trademark and having determined that the same was genuine to its knowledge and satisfaction, sold it at its different outlets.

8) On September 13, 1983, plaintiff advised Telesforo that it had been engaged in the sale of shirts bearing one or more of the Polo trademarks, and that said merchandise was counterfeit. The appearing co-defendant immediately withdrew from sale the remaining shirts in stock, although still believing that the same were authentic.

9) The sworn statement of Beth Stanley-Brown, Polo's Director of Quality Control, who inspected a shirt of the type sold by defendant, confirms that the shirts sold by Telesforo are counterfeit.

■ Defendant argues that even if the shirts it sold were counterfeit, defendant acted in good faith, and thus, is not liable for trademark infringement or unfair com-petition. We disagree because actions for trademark infringement and Lanham Act unfair competition do not depend upon proof of wrongful or fraudulent intent. *Tisch Hotels, Inc. v. Americana Inn, Inc.,* 350 F.2d 609, 613 (7th Cir.1965); *Parkway Baking Co. v. Freihofer Baking Co.,* 255 F.2d 641, 648 (3d Cir.1958); *Chips 'N Twigs, Inc. v. Chip-Chip, Ltd.,* 414 F.Supp. 1003, 1015 (E.D.Pa.1976); *Motor Master Products Corp. v. Motor Masters Warehouse, Inc.,* 463 F.Supp. 232, 238 (E.D.Pa. 1978); *Polo Fashions, Inc. v. Samuel Schlesinger,* 224 U.S.P.Q. 886 (D.N.J.1984). The good faith intentions of an infringer are no defense to a finding of liability. *Fuji Photo Film v. Shinohara Shoji Kabushiki Kaisha,* 754 F.2d 591, 596 (5th Cir.1985), *reh'g denied,* 761 F.2d 695; *Pizzeria Uno Corp. v. Temple,* 747 F.2d 1522, 1535 (4th Cir.1984); *President & Trustees of Colby College v. Colby College-New Hampshire,* 508 F.2d 804, 811–812 (1st Cir.1975). "The reason for this is clear: if potential purchasers are confused, no amount of good faith can make them less so." *Fuji, id.* at 596. A finding of bad faith, however, may give rise to a presumption that the adoption of a mark similar to that of another is likely to cause confusion and may without more prove infringement. *See Amstar Corp. v. Domino's Pizza, Inc.,* 615 F.2d 252, 263 (5th Cir.), *cert. denied,* 449 U.S. 899, 101 S.Ct. 268, 66 L.Ed.2d 129 (1980). Once the intent to cause confusion is established, the court will presume that the infringer accomplished his purpose. *Polo Fashions, Inc. v. Extra Spec. Prods., Inc.,* 451 F.Supp. 555, 562 (S.D.N.Y.1978). Thus, the mere selling of counterfeit goods constitutes trademark infringement even if the seller did not know the goods were counterfeit.

■ The issue of infringement of any trade symbol or of unfair competition should be determined primarily by the likelihood of confusion test, *Fuji Photo Film, supra,* 754 F.2d at 594; *Tisch Hotels, Inc., supra,* 350 F.2d at 611; *G.D. Searle & Co. v. Chas. Pfizer & Co.,* 265 F.2d 385, 387 (7th Cir.), *cert. denied,* 361 U.S. 819, 80 S.Ct. 64, 4 L.Ed.2d 65 (1959). Although a

variety of factors may be material in assessing the likelihood of confusion, the most pertinent for our purposes here are 1) the strength of the plaintiff's mark, 2) the degree of similarity between the two marks, 3) the proximity of the products or services, and 4) the defendant's good faith in adopting its mark. *DC Comics, Inc. v. Reel Fantasy, Inc.*, 696 F.2d 24, 26 (2d Cir.1982); *American Intern. Group, Inc. v. London Am. Intern.*, 664 F.2d 348, 351 (2d Cir.1981).

*1—Strength of the mark*

■ A strong mark is inherently distinctive in that it may be an arbitrary or fanciful mark. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 349 (9th Cir.1979). A strong mark is entitled to a greater degree of protection than a weak one due to its unique usage. *Alpha Industries v. Alpha Steel, etc.*, 616 F.2d 440, 445 (9th Cir.1980). A descriptive mark tells something about a product and is subject to protection only when secondary meaning is established. *AMF, Inc., supra; Miss Universe, Inc. v. Patricelli*, 408 F.2d 506, 509 (2d Cir.1969).

Defendant asserts that the alleged counterfeit merchandise bears a mark that is generic since all shirts of the type in this case are known in the market as "polo shirts", and whether plaintiff's mark has acquired a secondary meaning in the market of Puerto Rico is a genuine issue of fact. We again disagree.

■ Plaintiff's certificates of federal registration provide prima facie evidence of the validity of plaintiff's registered trademarks. *Venetianaire Corp. of America v. A & P Import Co.*, 429 F.2d 1079, 1080 n. 1 (2d Cir.1970); *Drexel Enterprises, Inc. v. Richardson*, 312 F.2d 525, 527 (10th Cir. 1962). Plaintiff's registered mark, POLO BY RALPH LAUREN, and its common law use of POLO, both alone and in connection with a Polo Player Symbol, has acquired a secondary meaning with regard to all men's wearing apparel, *Polo Fashions, Inc. v. Extra Spec. Prods., Inc., supra*, 451 F.Supp. at 558. POLO, through its principal and designer Ralph Lauren, has become a nationally and internationally known fashion leader in clothing and related fashion accessories. Also, POLO has acquired a reputation for high quality products under the aforementioned trademarks. Accordingly, we find that plaintiff's mark is a strong mark, and is therefore entitled to broad protection. *Polo Fashions, Inc. v. Branded Apparel Merchandising, Inc.*, 592 F.Supp. 648, 651 (D.Mass.1984).

*2—Degree of Similarity between the marks*

■ As may be seen in Appendixes A an B of this opinion, mere comparison reveals a very high degree of similarity between the marks. The label on the counterfeit shirt in Appendix B bears the mark "POLO by Ralph Lauren" and a Polo Player Symbol is embroidered in the same place that it appears on plaintiff's shirts. The mark on the counterfeit shirts' label uses white lettering on a dark background and is only slightly dissimilar from plaintiff's.[2] The word POLO is in much larger type than the phrase "by Ralph Lauren", as in plaintiff's mark.

The similarity of the marks is accentuated by the similarity of the products to which they are applied, since plaintiff produces a diverse line of men's wear which includes items comparable to the infringing product. Plaintiff presented evidence through affidavits by the President and the Director of Quality Control who affirmed that defendant's shirts were virtually identical in external appearance to, directly competitive and commercially substitutable with genuine POLO goods.

■ Moreover, in assessing whether the similarity of marks here is likely to cause confusion, we can take into consideration whether the combination of words, devices

2. The phrase in plaintiff's registered mark is written "by RALPH LAUREN" and not "by Ralph Lauren" as it appears on the counterfeit shirt. However, where a strong mark such as plaintiff's is involved, the mere failure to use capital letters in the phrase "by Ralph Lauren" is insufficient to eliminate the likelihood of confusion. *A.T. Cross Co. v. Jonathan Bradley Pens, Inc.*, 470 F.2d 689, 692 (2d Cir.1972).

or symbols have been used to deceive the public into believing that the goods of the infringer originated with plaintiff. *Geisel v. Poynter Products, Inc.*, 283 F.Supp. 261, 268 (S.D.N.Y.1968); *Helene Curtis Industries v. Church & Dwight*, 560 F.2d 1325, 1330 (7th Cir.1977), *cert. denied*, 434 U.S. 1070, 98 S.Ct. 1252, 55 L.Ed.2d 772 (1978).

■ Weighing these factors, we find that the use of an almost identical POLO logo, the use of a larger type for the word POLO than for the phrase "by Ralph Lauren", the similar contrast of the label colors, and the use of the Polo Player Symbol embroidered on the finished counterfeit product, tends to promote confusion of the marks.

### 3—*Proximity of the products*

■ In the case of related products, the danger presented is that the public will erroneously assume that there is an association as to their source though there is none. *AMF, Inc., supra*, 599 F.2d at 350. Where the products involved are identical in kind and move in the same trade channels to the same class of purchasers, the degree of similarity required between the marks to sustain a claim of likelihood of confusion is lesser than that otherwise required. Callmann *Unfair Comp., Trademarks & Monopolies*, § 20.02 (4th Ed.). If the marks and the goods are almost identical, as in the present case, a likelihood of confusion must be assumed. *Crown Industrial Products Co. v. Crown Central Petroleum Corp.*, 440 F.2d 446, 448 (Cust. & Pat.App., 1971).

Here, the products involved are so closely related that purchasers could reasonably expect them to have a common source or origin in view of the similarity of marks.

### 4—*Defendant's Good Faith*

■ Although intent is not an element of trademark infringement, intent to pass off goods as the product of another raises an inference of likelihood of confusion. *Squirtco v. The Seven-Up Co.*, 628 F.2d 1086, 1091 (8th Cir.1980). The evidence in this case establishes that defendant's use of the POLO mark was not due to any intent to infringe on plaintiff's mark or any desire to pass off its goods as those of plaintiff.

In fact, co-defendant Martínez provided samples of the shirts prior to the placing of an order by Telesforo, and guaranteed that they were genuine goods made by plaintiff. Notwithstanding these assurances, Telesforo conditioned the purchase order to provide *inter alia*, that the goods must be manufactured in the United States by Ralph Lauren. Moreover, when defendant was notified of the infringement, it immediately withdrew from sale the remaining shirts. However, a finding of good faith is no defense if likelihood of confusion is otherwise established as in the present case. *Fuji, supra.*

■ Therefore, we find that the conduct of the defendant does not create a genuine issue of fact concerning the likelihood of confusion or negate the violations of trademark law or the law of unfair competition, and that plaintiff is entitled to relief as a matter of law. Consequently, plaintiff's motion for summary judgment on the issue of liability is hereby GRANTED.

The issue of damages or other relief is referred to the magistrate for resolution. The clerk shall enter judgment accordingly.

SO ORDERED.