**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jaime W. NIXON, III,
Defendant-Appellant.**

**No. 75–1456.**

United States Court of Appeals,
Ninth Circuit.

Nov. 3, 1976.

Rehearing and Rehearing En Banc
Denied Dec. 22, 1976.

Certiorari Denied Feb. 22, 1977.
See 97 S.Ct. 1148.

John J. Cleary, Atty. of Federal Defenders, San Diego, Cal., for defendant-appellant.

Dominick W. Rubalcava, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, CARTER, and CHOY, Circuit Judges.

CHOY, Circuit Judge:

Nixon appeals from his conviction in a trial to the court for possession of counterfeit Federal Reserve notes (18 U.S.C. § 422). We affirm.

At arraignment, Nixon pleaded "Not Guilty." He had counsel. Prior to trial, he and his counsel signed and filed a "Statement of Defendant's Constitutional Rights" and a waiver of trial by jury and waiver of special findings of fact. On the date of trial, the Government filed three exhibits: (1) six counterfeit notes, (2) a written statement of what Nixon had said to Secret Service agents, and (3) a written "Stipulation of Fact" signed by Government counsel and by Nixon and his counsel as to the testimony of three Government agents. No objection was made to the introduction in evidence of the exhibits. No other evidence was presented by the Government, and Nixon rested without offering any. The district court found him guilty.

Three months after he was sentenced, at a hearing for modification of sentence, Nixon moved for a new trial for failure of the court to advise him about the submission of the case on a set of stipulated facts. The court denied the motion.

Appellant contends that the district court erred in not advising him of his constitutional rights to confront and cross-examine adverse witnesses before accepting the Stipulation of Fact. He argues that *Brookhart v. Janis,* 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966), required the district court to obtain a personal waiver of those rights before receiving the stipulation. We disagree. In *Brookhart,* the defendant, who had waived jury trial, said, "I would like to point out in no way am I pleading guilty to this charge." This was uttered during a discussion between the court and counsel regarding having a "prima facie case," described by the court as one "where the defendant, not technically or legally, in effect admits his guilt and wants the State to prove it." *Id.* at 6, 86 S.Ct. at 1248. Counsel agreed to a prima facie trial. The Supreme Court held Brookhart's rights to confront and cross-examine witnesses against him could not be waived by his counsel when Brookhart had expressed a desire inconsistent with what was in effect a plea of guilty.

Nixon's case is clearly distinguishable from *Brookhart.* Nixon had with his counsel signed and filed a statement of constitutional rights which he said he understood and which included his rights to "see and hear the evidence and cross-examine witnesses against you." Not only the Stipulation of Fact, but also the six counterfeit notes and Nixon's statement established his guilt. More important, Nixon was free to present evidence in his defense. Neither the stipulation nor anything else precluded his doing so. Yet he elected to submit the case after the Government rested.

Nixon also contends that his plea of not guilty with the Stipulation of Fact amounted to a plea of guilty. We rejected a similar contention in *United States v. Terrack,* 515 F.2d 558 (9th Cir. 1975), and *United States v. Garcia,* 450 F.2d 287 (9th Cir. 1971).

Affirmed.