**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Lee GRAY, Defendant-Appellant.**

No. 79–1034.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 29, 1980.

Decided Aug. 7, 1980.

Rehearing Denied Sept. 9, 1980.

John C. Gibbons, Asst. U. S. Atty., Sacramento, Cal., argued for plaintiff-appellee; Harry E. Hull, Jr., Asst. U. S. Atty., Sacramento, Cal., on brief.

Martin F. Jennings, Jennings & Jenks, Sacramento, Cal., for defendant-appellant.

Before MERRILL, TRASK and SNEED, Circuit Judges.

SNEED, Circuit Judge:

Appellant was convicted of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1976). He contends that his conviction was based on evidence attributable to a warrantless arrest and search which should have been suppressed and on a statement of stipulated facts which was obtained without a proper waiver of his trial rights. We conclude that appellant's contentions are without merit and affirm the conviction.

## I.

## FACTS

On the morning of December 15, 1977, Agent Cameron of the Drug Enforcement Administration learned through an informant, Frederick Surprison, that appellant had cocaine for sale. Cameron instructed Surprison to go to appellant's residence and discuss a possible sale. At about 1:15 p. m.

Surprison telephoned Cameron to report that he had visited appellant at appellant's residence in South Lake Tahoe, California, and had seen about six ounces of cocaine in plastic bags that were themselves contained in a larger paper bag. Cameron and several other DEA agents then drove from Reno, Nevada to South Lake Tahoe, and at about 4:00 p. m., they began surveillance of appellant's house. Two agents also contacted the district attorney of El Dorado County and sought to obtain a search warrant. The district attorney declined to apply for a warrant, stating that he wanted more evidence of probable cause, such as a monitored conversation between Surprison and appellant.

During the evening, Surprison attempted to contact appellant again. At about 8:30 p. m., he succeeded in reaching appellant by phone, and the two discussed a sale of cocaine. In this conversation, which was monitored by Agent Cameron, Surprison said that he was having dinner with the people who were interested in buying the cocaine, and that he would call back later that night. Appellant indicated that if the sale did not take place that night the deal would be called off.

Throughout the evening the agents continued to seek a search warrant. Because the district attorney had told the agents that neither he nor his assistants would be available that night, they tried to reach the federal magistrate at his office and his home and also at places he was known to frequent. This effort failed.

The agents previously had also asked the district attorney about the possibility of getting a warrant from a state court judge. However, the nearest state judge resided in Placerville, some 55 miles away, and the roads were icy and hazardous because of a severe snowstorm which continued until 10:00 p. m. that night. After the 8:30 p. m. conversation between Surprison and appellant, the agents contacted an Assistant United States Attorney in Reno, who advised them that they had probable cause and should proceed to make the arrest. Nonetheless, they persisted in their vain efforts to obtain a warrant.

At about 10:50 p. m., Surprison again called appellant, and the two agreed that a sale of cocaine would take place an hour later. One of the agents, posing as a prospective purchaser, spoke with appellant during this conversation. Following this call, the agents decided to make the arrest. Using a ruse, they entered the house and found appellant and two other persons. Appellant was placed under arrest. While searching the house for other people or weapons, Agent Cameron observed in plain view in a bedroom a box with a mirror, a razor blade, and some white powder. The next day, after obtaining a search warrant, the agents searched the house again and found 219 grams of cocaine in plastic bags which were contained in a larger paper bag.

Appellant was indicted on January 4, 1978. After his motion to suppress the evidence obtained as a result of the warrantless arrest and the subsequent searches was denied, appellant waived his right to a jury trial and agreed to a trial by the court on the basis of a stipulated statement of facts. The court found appellant guilty, and he appeals.

## II.

### ANALYSIS AND REASONS

■ Appellant's principal contention on this appeal is that his arrest was contrary to the Fourth Amendment and that evidence obtained as a result of that arrest should therefore have been suppressed. To support this he first argues that the DEA agents lacked probable cause to make the arrest because the information which they received from their informant, Surprison, did not satisfy the requirements of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Under the *Aguilar* test, information provided by an informant is sufficient to establish probable cause if the circumstances show that the information is reliable and that the informant is credible. *United States v. Perez-Esparza*, 609 F.2d 1284, 1287 (9th Cir. 1979); *United States v. Lefkowitz*, 618 F.2d 1313, at 1316 (9th Cir. 1980).

■ In this case, there is no dispute as to the reliability of the information given by Surprison, who had seen cocaine in appellant's home and had discussed a sale of cocaine with appellant just a few minutes before the arrest. Appellant maintains, however, that there was no reason to believe that Surprison was credible, since he had recently been arrested for distributing cocaine and had not previously provided the DEA with information. We disagree. DEA agents monitored or participated in two of Surprison's conversations with appellant, thus corroborating the information received from Surprison. Appellant suggests that Surprison could have been speaking with a confederate who was helping Surprison in a plot to frame appellant. The suggestion is unpersuasive. Surprison gave the agents detailed information and set up a sale of cocaine. Since his purpose in cooperating with the DEA was to secure more favorable treatment in his own case, Surprison had no motive to supply information that the subsequent search would show to be false. We conclude that the agents had ample evidence to establish probable cause for the arrest.

■ The existence of probable cause to arrest, however, does not justify entering a suspect's home without either consent or a warrant. In *United States v. Prescott*, 581 F.2d 1343 (9th Cir. 1978), this court ruled that a warrantless forcible entry to effect an arrest is impermissible unless required by exigent circumstances. The principle enunciated in *Prescott* was recently approved by the Supreme Court. *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Since in this case the agents arrested appellant by entering his home without his consent and without a warrant, we must determine whether the district court properly found that the arrest was justified by exigent circumstances.

■ In support of the district court's finding, the government argues that delay in making the arrest would have entailed the risk of loss of evidence, since appellant had indicated that the sale had to be made that night. The government also points out that other investigations in the Tahoe area had been compromised when suspects had received telephone calls warning them of police surveillance. Possible loss of evidence is a circumstance which suggests the existence of exigent circumstances. *Cf. United States v. Botero*, 589 F.2d 430, 432 (9th Cir. 1978), *cert. denied*, 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1045 (1979). This possibility was substantial in this case because of the delay that would have attended further efforts to obtain a warrant. In *United States v. Blake*, No. 79–1078 (9th Cir. Aug. 6, 1980), in ruling that the failure of federal officers to obtain a warrant was not excused by exigent circumstances, we emphasized that the officers had made no attempt to secure a warrant even though obtaining a warrant on a weekday afternoon would not have caused substantial delay. In this case, by contrast, the agents did everything reasonably possible to obtain a warrant and even continued their efforts for two hours after an Assistant United States Attorney had advised them to make the arrest. Because of the hour, the remote location, and their inability to locate the federal magistrate, further efforts to obtain a warrant would likely have been unavailing. Hence, on this record, we cannot say that the district court's finding of exigent circumstances was clearly erroneous. The finding must therefore be sustained. *United States v. Flickinger*, 573 F.2d 1349, 1356–57 (9th Cir.), *cert. denied*, 439 U.S. 836, 99 S.Ct. 119, 58 L.Ed.2d 132 (1978).

■ Appellant argues that some of the agents involved in the case were state officers and that the validity of the arrest should therefore be judged by the law of California. The record shows that several of the agents served both as state law enforcement officers and also as federal officers. It is clear that they were involved in this case in their federal capacity as agents for the DEA. Indeed, since in their state capacity the agents were officers of Nevada, not of California, they could not have acted in this case as state officers. The case is not controlled, therefore, by Califor-

nia law. Moreover, since California law recognizes an exigent circumstances exception to the warrant requirement, *People v. Ramey,* 16 Cal.3d 263, 275–76, 127 Cal.Rptr. 629, 545 P.2d 1333, *cert. denied,* 429 U.S. 929, 97 S.Ct. 335, 50 L.Ed.2d 299 (1976), application of that law in this case would not alter the result.

Appellant also contends that the search conducted on the day following the arrest was improper because there was not probable cause to support issuance of the search warrant. This contention assumes, contrary to our holding above, that the earlier arrest and search were invalid. Therefore, we reject appellant's contention.

Finally, appellant asserts that the stipulation of facts was tantamount to a guilty plea which was entered without a proper waiver of trial rights, thus demonstrating ineffective assistance of counsel. Appellant's premise, that a stipulation of facts which demonstrates guilt must be treated in the same way as a guilty plea, has been rejected by this court. *United States v. Nixon,* 545 F.2d 1190, 1191 (9th Cir. 1976), *cert. denied,* 429 U.S. 1110, 97 S.Ct. 1148, 51 L.Ed.2d 565 (1977); *United States v. Terrack,* 515 F.2d 558, 560–61 (9th Cir. 1975). Moreover, the record shows that the district court made careful inquiries to determine that appellant understood the nature of his waiver and that he made it voluntarily. Waiver of the right to a full trial with live witnesses and a jury by a defendant on advice of counsel does not demonstrate the incompetency of counsel. The decision to forego trial frequently may be in the defendant's best interests.

We affirm the conviction.