46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John SCHAEFERS, Plaintiff-Appellant,
v.
Gary WRIGHT; George Burke; City of Forest Grove, an Oregon
Municipal Corporation, Defendants-Appellees.
 No. 94-35492.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Schaefers appeals the district court's grant of summary judgment in favor of the City of Forest Grove and various Forest Grove police officers in his 42 U.S.C. Sec. 1983 action. In his complaint, Schaefers alleged that the defendants violated his fourth amendment rights by arresting him in his home without an arrest warrant. The district court found that the officers were entitled to qualified immunity. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 On appeal Schaefers contends that (1) the district court improperly granted summary judgment in favor of the defendants on qualified immunity grounds; (2) the district court erred by not making findings on the issue of whether there was probable cause to arrest Schaefers.
 
 
 4
 * Background
 
 
 5
 Schaefers is the co-owner of S & J Chevrolet, an automobile dealership in Forest Grove, Oregon. On March 20, 1992, Schaefers and his partner Richard Fredericks went to the home of Sam Fuller, a former employee of S & J Chevrolet. A physical altercation ensued, and Fuller called the police, reporting that he was being assaulted. Defendants Gary Wright and George Burke, Forest Grove police officers, were dispatched. When Wright and Burke arrived they found Schaefers and Fredericks outside the house and Fuller locked inside. Officer Burke entered the house and spoke with Fuller. He observed that Fuller was frightened, that the interior of the house was in disarray, that Fuller's nose was bleeding, and that his glasses were broken. In response to Officer Burke's questioning, Fuller said that he was afraid to say what happened and did not want to press charges, but that Burke could contact the Oregon Attorney General's office to find out what was going on. Officer Burke told Schaefers and Fredericks that Fuller did not want to press charges, but only wanted them to leave, which they did.
 
 
 6
 Shortly thereafter, Burke contacted an investigatory agent at the Oregon Attorney General's Office who told Burke that S & J Chevrolet was under investigation and opined that Schaefers and Fredericks probably thought that Fuller was cooperating with the investigation.
 
 
 7
 Burke then spoke again with Fuller, who told Burke that he had changed his mind and wanted to press charges against Schaefers and Fredericks. Fuller also told Burke that Schaefers and Fredericks threatened him, forced open his door, pulled him outside, and hit him in the face.
 
 
 8
 On the evening of March 21, 1992, Burke and another officer in uniform went to Schaefers's house. Burke knocked on the door and when Schaefers answered, Burke told him he wanted to talk to him. Schaefers told him to come in.[1] Once inside the house, Burke placed Schaefers under arrest. Burke also went to Fredericks's house and arrested him without a warrant.
 
 
 9
 A grand jury subsequently indicted Schaefers and Fredericks for the crimes of burglary in the first degree, assault in the fourth degree, harassment, and criminal mischief stemming from the events at Fuller's house. Subsequently, Schaefers and Fredericks entered into a civil compromise with Fuller, paying him $9,900, and the criminal charges were dropped.
 
 II
 Analysis
 A. Standard of Review
 
 10
 We review a district court's grant of summary judgment de novo. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993). Summary judgment is appropriate if there is no genuine issue of material facts and the moving party should prevail as a matter of law. See Fed. R. Civ. P. 56(c).
 
 B. Qualified Immunity
 
 11
 Police officials are entitled to qualified immunity in a Sec. 1983 action if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993) (a police officer is immune from suit if "in light of clearly established principles governing the conduct in question, the officer objectively could have believed that his conduct was lawful"). In deciding whether officials are entitled to qualified immunity, we must determine (1) whether the right was clearly established at the time of the alleged violation, and (2) whether, in light of that law, a reasonable official could have believed his conduct to be lawful. Mendoza v. Block, 27 F.3d 1357, 1360 (9th Cir. 1994). Whether the law is "clearly established" is question of law, which the court of appeals reviews de novo. Elder v. Holloway, 114 S. Ct. 1019, 1023 (1994)
 
 
 12
 Here, the issue is whether the law was clearly established as of March 1992 that a warrantless arrest inside an individual's residence violated the warrant requirement of the fourth amendment if the individual had consented to the officer's entry into the residence.
 
 
 13
 In Bryant v. United States Treasury Dep't, Secret Serv., we held that the law on this issue "was not clearly established." 903 F.2d 717, 723 (9th Cir. 1990), rev'd on other grounds, 502 U.S. 224 (1991). We stated that "the relevant case law strongly suggested that the officers could have believed that their warrantless arrest was lawful so long as they had probable cause and consent to enter the residence." Id.; see also Steagald v. United States, 451 U.S. 204, 214 n.7 ("absent exigent circumstances or consent, an entry into a private dwelling to conduct a search or effect an arrest is unreasonable without a warrant") (emphasis added); Payton v. New York, 445 U.S. 573, 576 (1980) ("the Fourth Amendment ... prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest") (emphasis added); United States v. Gray, 626 F.2d 102, 105 (9th Cir. 1980) (the existence of probable cause to arrest, however, does not justify entering a suspect's home without either consent or a warrant") (emphasis added); Sheik-Abdi v. McClellan, 37 F.3d 1240, 1245 (7th Cir. 1994) ("[o]nce an officer has lawfully entered the [residence], the Constitution does not require that he obtain a warrant before [e]ffecting an otherwise lawful arrest within"); Howard v. Dickson, 34 F.3d 978, 982 n.2 (10th Cir. 1994) (court noted that if the officer had "received consent to enter home, no Fourth amendment violation would exist because [the officer] would not have intruded on the [arrestee's] privacy rights"); Buenrostro v. Collazo, 973 F.2d 39, 43 (1st Cir. 1992) (observing that consent to enter residence would "obviate the need for a warrant"); Patzner v. Burkett, 779 F.2d 1363, 1368 (8th Cir. 1985) ("[g]enerally, a valid and voluntary consent to enter may be followed by a warrantless home arrest"); Vizbaras v. Prieber, 761 F.2d 1013, 1017 (4th Cir. 1985), cert. denied, 474 U.S. 1101 (1986) (warrantless in-home arrest of suspect was permissible when officers were given valid consent to entry); Augustine v. Doe, 740 F.2d 322, 325 (5th Cir. 1984) (consent to entry is assumed to be sufficient to permit warrantless arrest); United States v. Briley, 726 F.2d 1301, 1303 (8th Cir. 1984); ("valid and voluntary consent may be followed by a warrantless in-home arrest").
 
 
 14
 Given the state of the law on this issue, the district court correctly concluded that, as of March 1992, it was not clearly established that a warrantless arrest inside an individual's residence violated the warrant requirement of the fourth amendment if the individual had consented to the officer's entry into the residence. See Harlow, 457 U.S. at 818; Mendoza, 27 F.3d at 1360.
 
 
 15
 On appeal, Schaefers also argues that his consent was not valid because officer Burke's stated reason for entry was to "talk" to Schaefers rather than to arrest him. Again, case law does not clearly establish that such a statement invalidates consent. In fact, there is precedent to the contrary. See, e.g., Briley, 726 F.2d at 1304-05 & n.2 (consent to a warrantless entry based on officers' statement that they wanted to talk to the individual about an important matter was not a deceitful misrepresentation invalidating the consent); Vizbaras, 761 F.2d at 1017 (same). Accordingly, we affirm the district court's determination that the right which Schaefers claims was violated was not clearly established and that the officers were entitled to summary judgment on qualified immunity grounds. See Harlow, 457 U.S. at 818; Mendoza, 27 F.3d at 1360; Act Up!/Portland, 988 F.2d at 871.
 
 C. Probable Cause
 
 16
 On appeal, Schaefers contends that the district court erred by not making a finding as to whether the defendants had probable cause to arrest him. This contention lacks merit.[2]
 
 
 17
 A warrantless arrest is valid if it is supported by probable cause. United States v. Del Vizo, 918 F.2d 821, 825 (9th Cir. 1990). The test for probable cause is whether the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to believe a suspect has committed, is committing, or is about to commit a crime. United States v. Greene, 783 F.2d 1364, 1367 (9th Cir.), cert. denied, 476 U.S. 1185 (1986). Law enforcement officers may draw upon their experience and expertise in determining the existence of probable cause. United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir. 1989), cert. denied, 498 U.S. 825 (1990). Moreover, in the context of qualified immunity the "[p]roper inquiry is not whether there was probable cause, but rather was whether the ... agents reasonably could have believed that there was." Bryant, 903 F.2d at 723. Thus, officers who reasonably, yet mistakenly, conclude that probable cause is present are entitled to immunity. Hunter v. Bryant, 502 U.S. 224, 226 (1991).
 
 
 18
 Here, based on undisputed facts outlined above, the officers could have reasonable believed that there was sufficient probable cause to arrest Schaefers. Bryant, 903 F.2d at 723.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Schaefers's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In his affidavit, Schaefers states that Burke said, "I'd like to talk to you for a minute. May I come in?" and that Schaefers replied "yes." Burke's recollection is that he told Schaefers that "I need to talk to him about what happened the night before" and that Schaefers replied, "come on in." In any event, neither side disputes that Schaefers invited Burke into the house to talk
 
 
 [2]
 In response to this issue, appellees contend that Schaefers waived this issue by not raising before the district court. This contention may have merit although it is not clear from the record before us. Nevertheless, because we find that the officers did have probable cause to arrest Schaefers, we need not rely on this contention