**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul S. ZAVALA, Defendant–Appellant.**

No. 06–30265.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2007.

Filed June 5, 2007.

Aine Ahmed, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Karen Lindholdt, Esq., The Lands Council, Spokane, WA, for Defendant–Appellant.

Before BRUNETTI, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Raul Zavala was convicted following a jury trial for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and using a communication facility to distribute methamphetamine in violation of 21 U.S.C. § 843(b). He appeals the district court's denial of his motion to suppress and his motion to set aside the verdict of the jury. He also challenges two evidentiary rulings made during trial and claims ineffective assistance of counsel. Because the parties are

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

familiar with the facts we do not recite them here.

■ Probable cause supports the arrest and search of Zavala because the agents had information provided by a confidential source, who had provided other reliable information the day before. *See United States v. Bernard*, 623 F.2d 551, 559 (9th Cir.1979) (Probable cause as distinguished from "mere suspicion" exists when "at the moment of arrest the facts and circumstances within the knowledge of the arresting officers 'and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.' ") (quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)); *see also United States v. Angulo–Lopez*, 791 F.2d 1394, 1397 (9th Cir.1986) ("If an informant has provided accurate information on past occasions, he may be presumed trustworthy on subsequent occasions."). The confidential source also gave a particularized description of what Zavala would look like, what time the meeting would take place, and what make and model car Zavala would be driving. A man meeting the description arrived at the agreed upon location in the precise make of car described by the confidential source at the pre-determined time. *See United States v. Gray*, 626 F.2d 102, 104 (9th Cir.1980).

■ We reject Zavala's insufficiency of the evidence claim due to lack of proof of knowledge because "knowledge can be inferred from mere possession of a large amount of drugs." *United States v. Davila–Escovedo*, 36 F.3d 840, 843 (9th Cir. 1994) (citation omitted).

We also reject Zavala's evidentiary challenges. Evidentiary rulings are to be reversed only if the error "more likely than not affected the verdict." *United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir.2004)

(internal quotation marks and citations omitted). Although the district court erred when it permitted the government's Spanish language expert to testify effectively as a "drug expert" about her previous work on drug investigations, any error was harmless because two narcotics agents testified that drug dealers often use code words for drugs (including the word "girls"), and the other evidence of Zavala's guilt was not insubstantial. While the entire sequence of events relating to the shoe size testimony—from the destruction or disappearance of the shoe box to the "surprise" appearance of other shoes at trial—was improper, any error was also harmless.

■ We review ineffectiveness claims on direct appeal under two relatively rare circumstances: (1) "when the record on appeal is sufficiently developed to permit review and determination of the issue," or (2) "when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000) (internal quotation marks and citations omitted). This is not a case where "the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel," *id.* at 900, and we conclude that Zavala's claims cannot be resolved without further development of the record.

**AFFIRMED.**