NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEX J. LEGE,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>CITY OF KETCHIKAN, a municipal corporation; ROBERT CHEATAM, in his individual capacity; JUSTIN OSTLER, in his individual capacity; LOUIS J. BOENTA, Jr.,<br><br>            Defendants-Appellees. | No.   22-35029<br><br>D.C. No. 5:20-cv-00006-HRH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, District Judge, Presiding

Argued and Submitted August 8, 2022
Anchorage, Alaska

Before:  S.R. THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

Plaintiff-Appellant Alex Lege appeals the district court's grant of summary

judgment in favor of Defendants-Appellees Robert Cheatam, Justin Oster, and the

City of Ketchikan.  We have jurisdiction under 28 U.S.C. § 1291, and we review

the grant of summary judgment de novo, *Fin. Mgmt. Advisors, LLC v. Am. Int'l*

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Specialty Lines Ins. Co.*, 506 F.3d 922, 925 (9th Cir. 2007).  We affirm.

Given Lege's affirmative consent and the fact that he stepped back and appeared to welcome Oster into his apartment, a reasonable officer would have concluded that he had consent to enter the apartment, *cf. United States v. Garcia*, 997 F.2d 1273, 1281 (9th Cir. 1993), and the district court properly concluded that no reasonable juror would find to the contrary.  Thus, Oster's initial entry did not violate the Fourth Amendment.  *See, e.g.*, *United States v. Crapser*, 472 F.3d 1141, 1146–47 (9th Cir. 2007).

We are not persuaded by Lege's remaining arguments as to Oster's initial entry.  Lege has waived any argument that his consent was not voluntary under the five-part test in *United States v. Russell*, 664 F.3d 1279 (9th Cir. 2012), a test that analyzes the voluntariness of a search of the person.  With respect to Lege's final argument, although Oster physically occupied the curtilage of Lege's home when he stood outside his apartment and knocked on his door, he was permitted to do so under the "knock and talk" exception to the warrant requirement, which enables police officers to "encroach upon the curtilage of a home for the purpose of asking questions of the occupants." *United States v. Lundin*, 817 F.3d 1151, 1158 (9th Cir. 2016) (citation and internal quotation marks omitted).

The district court correctly concluded that the scope of Lege's consent allowed Oster to re-enter the apartment after he had left to consult with Cheatam.

Before leaving the apartment, Oster said to Lege, "I don't know what's going on yet, but just hang out, okay?" Lege responded, "by all means," and then told Oster that he could "even keep [the door] open"—to which Oster replied, "I'll just leave it cracked." It is clear from this exchange that Lege understood Oster would be returning to the apartment and consented to his re-entry.

The district court also correctly concluded that Cheatam was allowed to enter the apartment pursuant to *United States v. Rubio*, 727 F.2d 786 (9th Cir. 1983), where we held that a consensual search may not be "validly qualified by the number of officers allowed to search," and explained that, "[o]nce consent has been obtained from one with authority to give it, any expectation of privacy has been lost[,]" and "the entry of additional officers would [not] further diminish the consenter's expectation of privacy," *id.* at 797. Contrary to Lege's assertion, *Rubio* was not overruled by *Florida v. Jimeno*, 500 U.S. 248 (1991), which recited the well-established proposition that a suspect may "delimit as he chooses the scope of the search to which he consents." *Id.* at 252. We acknowledged the same principle in *Rubio* but clarified that the "limitations" a suspect may validly impose on a search pertain to the *physical area* to be inspected, not the number of officers involved. 727 F.2d at 796. Neither *Jimeno*, nor the other cases cited by Lege, did anything to disrupt this understanding. Indeed, we relied explicitly on *Rubio*'s holding and rationale in deciding *United States v. Bramble*, 103 F.3d 1475 (9th Cir.

1996), a case that came five years after *Jimeno*.

Finally, Lege's warrantless arrest inside his home did not violate the Fourth Amendment. In *Payton v. New York*, 445 U.S. 573 (1980), the Supreme Court held that "the Fourth Amendment . . . prohibits the police from making a warrantless *and nonconsensual* entry into a suspect's home in order to make a routine felony arrest." 445 U.S. at 576 (emphasis added). And in *United States v. Gray*, 626 F.2d 102 (9th Cir. 1980), we observed that "[t]he existence of probable cause to arrest . . . does not justify entering a suspect's home without either *consent* or a warrant." *Id.* at 105 (emphasis added). Both cases imply that a warrantless arrest inside the home upon probable cause is valid if police have entered pursuant to a valid search warrant or consent—an understanding that our subsequent cases have reinforced. *See, e.g.*, *United States v. Struckman*, 603 F.3d 731, 747 (9th Cir. 2010).

Because Lege consented to the officers' entry into his home, the constitutionality of his warrantless arrest turns on whether there was probable cause. Although the district court determined that the officers had probable cause to arrest Lege for felony third-degree assault under Alaska Statute § 11.41.220(a)(1)(A), Lege made no attempt to challenge this determination in his Opening Brief, thereby waiving any challenge in this regard. *See United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 335 (9th Cir. 2017). Lege further waived

any challenge to this determination by failing to address it in his Reply Brief even after Defendants raised it in their Answering Brief. *See Maciel v. Cate*, 731 F.3d 928, 932 n.4 (9th Cir. 2013). In light of the district court's unchallenged probable cause determination and the fact that Oster and Cheatam entered the apartment with Lege's consent, there is no basis to disturb the district court's grant of summary judgment with respect to Lege's claim of unlawful seizure.

**AFFIRMED**.